JIA LIU LIU, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 07–0931–ag.

United States Court of Appeals, Second Circuit.

Nov. 28, 2007.

John Z. Zhang, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Lisa M. Arnold, Senior Litigation Counsel, Office of Immigration Litigation; Eric W. Marsteller, Trial Attorney; Luis Diaz, Summer Law Intern, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Jia Liu Liu, a native and citizen of the People's Republic of China, seeks review of a February 22, 2007 order of the BIA affirming the August 24, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Liu Liu*, No. A 97 658 302 (B.I.A. Feb. 22, 2007), *aff'g* No. A 97 658 302 (Immig. Ct. N.Y. City, Aug. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in*

part on other grounds by *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. I.N.S.*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

As an initial matter, although Liu is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. I.N.S.*, 448 F.3d 129, 134 (2d Cir.2006).

We conclude that substantial evidence supports the agency's adverse credibility determination. When asked whether he had ever gone to the hospital for treatment, Liu replied, "No." In contrast, Liu stated in his written application that he "had to go to the hospital often." The IJ also properly based his adverse credibility finding on the inconsistency generated when the Government probed Liu's vague testimony for further details. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003) (emphasizing that where an applicant gives "spare" testimony, the fact-finder may "fairly wonder whether the testimony is fabricated" and "may wish to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility"), *over-*

ruled in part on other grounds by *Shi Liang Lin*, 494 F.3d at 305.

Further, the record supports the IJ's demeanor finding. The IJ described Liu's testimony as "somewhat fumbling, hesitant, bereft of any details, short," and "lacking specifics." Indeed, Liu's testimony on direct-examination comprised less than eight pages of transcript, and the record reflects that Lin provided "no audible response" in at least four instances. On this record, the IJ reasonably found that Liu's demeanor undermined his credibility. *See Zhou Yun Zhang*, 386 F.3d at 73–74 (indicating that a fact-finder who assesses testimony together with demeanor is in the best position to most accurately discern the impression conveyed by the witness).

Moreover, in finding Liu not credible, the IJ appropriately relied on his lack of corroboration of any medical condition. Liu's failure to corroborate his testimony in this respect bore on his credibility because such absence rendered him unable to rehabilitate testimony that had already been called into question. *See Xiao Ji Chen*, 471 F.3d at 341.

Additionally, the IJ accurately observed the omission of any mention of an arrest warrant from both Liu's asylum application and his father's letter. Although Liu testified that his parents told him the police had produced "some sort of document, an arrest warrant," he failed to mention the warrant in his application, and his father did not mention it in the statement Liu submitted to the IJ. The IJ reasonably rejected Liu's explanation that both he and his parents "forgot" to mention this central aspect of his claim. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explana-

tions would compel a reasonable fact-finder to do so). Because the arrest warrant involved the crux of Liu's claim that he feared being jailed in China due to his Falun Gong-related activities, it substantiated the IJ's adverse credibility finding. *See Secaida–Rosales,* 331 F.3d at 308. In light of all of the above, substantial evidence supports the agency's denial of Liu's application for asylum. Because the only evidence of a threat to Liu's life or freedom or likelihood of torture depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT, which rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).